UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-mj-560(KMM)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | **ORDER OF DETENTION** |
| ) | |
| DELANEY NICHOLAS HARRIS, ) | |
| ) | |
| Defendant, ) | |

This matter came before the Court on October 15, 2020, for a Probable Cause/Detention hearing. Mr. Harris was present via videoconference and was represented by his counsel Paul Engh.  The United States was represented by Assistant United States Attorney David P. Steinkamp.

The Court heard the testimony of FBI Special Agent Christopher Langert, and reviewed the reports prepared by Pre-trial Services in the Northern District of Illinois and in the District of Minnesota.

Based upon the evidence presented, the Court finds probable cause to support the charge alleged in the Complaint. Mr. Harris will be bound over for consideration of charges by the Grand Jury.

The Court further finds that there are no conditions of release which may be imposed that will reasonably ensure Mr. Harris' appearance at future proceedings or that will protect the public. Accordingly, the Court will grant the government's motion for detention.

## FINDINGS OF FACT

Mr. Harris is 19 years old. During his short period of adulthood he has been charged with several felony offenses, including: Possession of a Stolen Motor Vehicle, Aggravated Fleeing a Police Officer, and Resisting or Obstructing Police from an April 2019 incident in Kane County, Illinois; Third Degree Burglary, in May 2020 in Hennepin County, Minnesota; and Carjacking in the District of Minnesota in June 2020.

Based on the reports of Pretrial Services, Mr. Harris failed to appear in court on his Kane County Illinois charges on two occasions. In August 2019, he was arrested on that case as a fugitive in Sherburne County, Minnesota and apparently was returned to Illinois.

While he was still facing the Kane County, Illinois charges, Mr. Harris came to Minnesota and is alleged to have committed acts on May 29, 2020, that led to him being charged with Third Degree Burglary for looting a Best Buy store in Maple Grove, Minnesota. After being jailed on that case, he was released on June 1, 2020, pursuant to an order that required, among other conditions, that he remain law-abiding, live with a sister in Champlin, Minnesota, and not leave the State of Minnesota without written Court approval. He was released from jail on the Third Degree Burglary charge on June 1, 2020. Within hours of his release, he is alleged to have committed acts that led to his current federal charge of carjacking. He then left Minnesota and traveled to Illinois, apparently using the car he is alleged in the instant Complaint to have stolen. He was arrested in Illinois on the federal warrant in August 2020.

The Court finds based on Mr. Harris' failure to appear on the Kane County, Illinois case and his subsequent travel to Minnesota, his arrest as a fugitive, and his violation of

one or more of his conditions of pre-trial release on the Hennepin County Third Degree Burglary charge, including his flight to Illinois, that no condition or combination of conditions of release can be crafted to reasonably insure his return to Court if he were released.

Further, the Court finds that Mr. Harris was on pre-trial release for felony car theft and fleeing police charges when he traveled to Minnesota in May 2020 and is alleged to have committed acts that led him to be charged with a new felony offense in Minnesota state court. Within hours of his release for that offense, Mr. Harris is alleged to have committed the instant offense, during which he is alleged to have physically assaulted the victim and an accomplice displayed a gun. The Court also considers the strength of the evidence connecting Mr. Harris to the instant offense. Based on these facts, the Court finds by clear and convincing evidence that Mr. Harris presents a danger to the public if released, and the Court cannot fashion conditions of release that will adequately protect the public.

## DISCUSSION

Under 18 U.S.C. § 3142, pretrial detention may be ordered either upon a clear and convincing showing that there are no conditions or a combination of conditions that would reasonably assure the defendant will not pose a danger to others or to the community, or upon a showing by a preponderance of the evidence that there are no such conditions that would reasonably assure he will appear for future court proceedings. *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986). For the reasons described above, the Court finds detention is justified on both grounds.

Accordingly,

IT IS HEREBY ORDERED that:

1. The motion of the United States for detention is granted;

2. Mr. Harris shall be detained pending further proceedings;

3. Mr. Harris is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

4. Mr. Harris shall be afforded reasonable opportunity to consult privately with his lawyer; and

5. Upon Order of the Court or request by the United States Attorney, the person in charge of the corrections facility in which Mr. Harris is confined shall deliver him to the United States Marshal for the purpose of appearance in connection with a court proceeding.

Dated: October 21, 2020        *s/Hildy Bowbeer*
                               Hildy Bowbeer
                               United States Magistrate Judge